**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
       mdebenedetto@darcambal.com
By:    Nada M. Peters, Esq. (NJ Att. Id: 027942004)
       Michael C. DeBenedetto, III, Esq. (NJ Att. Id: 264962018)
Attorneys for Defendant, Walmart North Brunswick Supercenter #2003

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYLLIS MASTRANGELO,<br><br>               Plaintiff(s),<br><br>vs.<br><br>Walmart New Brunswick Supercenter #2003 and/or "ABC Corporations 1-8 (these names being fictitious as true identities are unknown), and "John Does 1-8" (these names being fictitious as true identities are unknown)<br><br>               Defendant(s), | Civil Action: 2:22-CV-5509<br><br><br><br>**NOTICE OF REMOVAL** |

Defendant, Walmart New Brunswick Supercenter #2003 (hereinafter referred to as "Defendant"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446.  Defendant appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it.  By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant in such action:

1

1.     <u>State Court Action</u>.  Plaintiff, Phyllis Mastrangelo ("Plaintiff"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey, on or about August 4, 2022, in a matter pending as docket number MID-L-003849-22.  Copies of all process, pleadings, and orders received by Defendant are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2.     <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiff asserts claims against Defendants for negligence alleging that she was injured at a Walmart store in North Brunswick, New Jersey on August 9, 2020 and she suffered severe and permanent injuries. The Complaint does not allege the amount of damages being claimed.  <u>See</u> **Exhibit A**.

3.     <u>Defendants</u>.  Other than fictitious defendants, there are no defendants other than Walmart Inc. named in this action.

4.     <u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendants, and in which the amount in controversy equals or exceeds $75,000.00.

Th subject store where the incident allegedly occurred is operated by Wal-Mart Stores East, LP, which is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas. Walmart Inc., formerly known as Walmart Stores, Inc., is the sole member of Wal-Mart Stores

East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. The Complaint asserts that Plaintiff is a citizen of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  (**Ex. A,** Complaint) The Complaint alleges Plaintiff "sustained severe, physical, mental and permanent injury and other diverse damages." (**Ex. A**, Complaint, First Count at ¶ 4.) On September 7, 2022, Defendant's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000. (Attached hereto as **Ex. B** is a true and correct copy of the September 7, 2022 letter and its enclosure.) To date, Plaintiff has not returned the stipulation.

While Defendants deny all liability to Plaintiff and deny that she is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint and that Plaintiff has not returned the Stipulation as to Damages, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendants respectfully submit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims meets the jurisdictional limit of $75,000.

5.    <u>Timely Filing</u>.  The Summons and Complaint was served upon the Walmart store on August 11, 2022.  While Defendants dispute that service in this manner was proper, this Notice of Removal is nevertheless timely pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days of Defendants' receipt of the Complaint and the time within which it determined that damages exceeding $75,000 are being alleged due to Plaintiff not returning the Stipulation as to Damages.

5.     <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders received by Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

6.     <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey, the forum in which the removed action was pending.

7.     <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey.

8.     <u>Relief Requested</u>.  Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Walmart New Brunswick Supercenter #2003, hereby removes this action, currently pending as Docket Number MID-L-003849-22 in the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey.

Dated:  September 12, 2022

/s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3228
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Walmart North Brunswick Supercenter #2003

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Middlesex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Walmart North Brunswick Supercenter #2003's knowledge, information, and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.


Dated:  September 12, 2022                    /s/ Nada M. Peters
                                              Nada M. Peters, Esq.